DECISION
Plaintiff appealed to this court seeking a waiver of the interest for at least three of the four tax years under appeal. The interest is related to the nonpayment of taxes on certain property Plaintiff owns, identified as Account 1737046. The years under appeal are 2005-06, 2006-07, 2007-08, and 2008-09. Defendant asserted in its Answer that the charges were lawful, and requested the court uphold the interest (and penalties) imposed. Defendant cited numerous relevant statutes in support of its request.
The court held a hearing November 16, 2009, to discuss the appeal. Plaintiff appeared on her own behalf. Appearing for Defendant were Daniela Urbatzka and Stacy Smith.
 I. STATEMENT OF FACTS
The property at issue was created as part of a partition which Plaintiff's now-deceased husband made in 2004. The partition created two accounts, one of which includes the manufactured home Plaintiff lives in, which is the subject of this appeal. A deed(s) for the two properties involved in the partition was filed in August 2005. The address reflected on the deed(s) for the mailing of property tax statements for the two accounts was the physical address of the two properties. In January 2006, Plaintiff instructed the assessor to change the address for one of the two properties created by the partition. The change of address was for the other property. Plaintiff did not request an address change for the account under appeal. *Page 2 
Plaintiff also owns property under the two other accounts, for a total of four property tax accounts. Tax statements for three of the four accounts were mailed to Plaintiff's post office box, which is where Plaintiff receives her mail. The tax statement for the account at issue was mailed to the physical address of the property, which is Plaintiff's home. It was mailed to that address because that was the address reflected on the deed filed in August 2005 and referred to above. Plaintiff does not have a mailbox at her property and, according to Plaintiff, no mail is delivered to that address. Accordingly, Plaintiff never received the tax statements for the account under appeal (her home) for the years at issue. As a result, the taxes were not paid beginning with the 2005-06 tax year.
 II. ANALYSIS
Plaintiff acknowledges responsibility for the tax, but advised the court she was looking for "human compassion" because she has always paid her taxes and was unaware that the taxes on the subject account had not been paid because she did not receive any tax statements. In other words, Plaintiff does not believe that it is entirely her fault the taxes were not paid.
ORS 311.250(1)[1] requires the tax collector to mail tax statements "to each person * * * shown on the tax roll as an owner of real or personal property." Subsection (2) of ORS 311.250 provides that "[t]he failure of a taxpayer to receive the tax statement described in this section shall not invalidate any assessment, levy, tax, or proceeding to collect tax." When the tax is not paid, ORS 311.505 requires interest to be charged on the unpaid taxes. Plaintiff did not pay the taxes, and Defendant imposed interest.
Property owners are statutorily required by ORS 311.555 to keep the tax collector informed of their "true and correct address" and, under ORS 308.212, to notify the assessor of any change of address within 30 days of the date of the change. Plaintiff notified the assessor of *Page 3 
the change of address for one of the two properties affected by the partition but, for reasons unknown to Plaintiff and the court, she did not update the address for the other account, which is her personal residence and the account under appeal.
Where, as here, a taxpayer fails to provide the tax collector or assessor with her correct address information and, as a result, the taxes are not paid, that error comes at a cost. That cost is the imposition of interest and, eventually, foreclosure.
The court understands that Plaintiff owns multiple properties, properties which her husband managed prior to his death, and that Plaintiff was somehow unaware that she not paid the taxes on the property at issue in this appeal. However, lack of knowledge is no sufficient basis for the court to waive or reduce the interest imposed. It is for that reason that ORS 311.250(2) provides that the tax is valid even if the taxpayer does not receive the tax statement.
There is no provision in the law to cancel or waive the interest where, as here, the reason for the untimely payment is nonreceipt of the tax statement.
 III. CONCLUSION
The court concludes that Plaintiff's request for waiver of interest on her unpaid taxes for any of the tax years 2005-06 through 2008-09, inclusive, is denied. Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is denied.
Dated this ___ day of December 2009.
If you want to appeal this Decision, file a Complaint in theRegular Division of the Oregon Tax Court, by mailing to:1163 State Street, Salem, OR 97301-2563; or by hand delivery to:Fourth Floor, 1241 State Street, Salem, OR.
 Your Complaint must be submitted within 60 days after the dateof the Decision or this Decision becomes final and cannot bechanged. *Page 4 This document was signed by Magistrate Dan Robinsonon December 22, 2009. The Court filed and entered this documenton December 22, 2009.
[1] All references to Oregon Revised Statutes (ORS) are to 2007. *Page 1